IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

STEVIE EVANS                                                                                           PLAINTIFF

v.                         Civil No. 4:11-cv-04024

CAPTAIN HARTLINE                                                                              DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Stevie Evans, filed this civil rights case pursuant to the provisions of 42 U.S.C. § 1983.  He proceeds *pro se*.  Before me is Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 4 & ECF No. 5).  For the reasons stated below, it is my recommendation that Plaintiff's *in forma pauperis* application be denied and his Complaint be dismissed.

**1.  Background**

Evans is a convicted prisoner incarcerated at the Miller County Correctional Facility while he waits transfer to the Arkansas Department of Correction.  According to the allegations of the complaint, on January 6, 2011, Evans was placed in the lock down pod, Max-A, following an incident.  No further description of the incident in question is made.  Evans remained on lock down until January 25th when he was "let out for time served."

On January 27th, Evans asserts he was called to Captain Hartline's office and, following a disciplinary hearing, was "resentenced" on the same charge.  Evans indicates he was placed on lock down for thirty more days and his visitation and commissary privileges were suspended.  Evans alleges that sentencing him to lock down for a second time on the same disciplinary violation violates Double Jeopardy.

**2. Discussion**

As noted above, Evans is incarcerated in the Miller County Correctional Facility. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

In reviewing an *in forma pauperis* application, there is a two step process followed by the Court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.). *See also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his affidavit, Plaintiff states he only receives funds into his inmate account from his family so that he may purchase hygiene items and food from the commissary. The records from the detention center show his monthly balance averaged about $5. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.

However, the claims are clearly subject to dismissal as they are frivolous and fail to state claims upon which relief may be granted. The Double Jeopardy Clause precludes "a second prosecution for the same offense" and prevents the "State from punishing twice, or attempting a second time to punish criminally, for the same offense." *Kansas v. Hendricks*, 521 U.S. 346, 369

(1997)(internal quotation marks and citation omitted). The Double Jeopardy Clause applies only to criminal proceedings. *Breed v. Jones*, 421 U.S. 519, 528 (1975).

"[P]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 567 (1974). The Double Jeopardy Clause has no application to a detention center's administrative determination that disruptive conduct requires a higher level of security. *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995); *see also Fogle v. Pierson*, 435 F.3d 1252, 1261-62 (10th Cir. 2006)(prison disciplinary sanctions do not implicate double jeopardy protections).

### 3. Conclusion

Accordingly, I recommend that Plaintiff's request to proceed *in forma pauperis* (ECF No. 4 & ECF No. 5) be denied and Plaintiffs' Complaint be dismissed without prejudice. The dismissal of this case will constitute a strike under the Prison Litigation Reform Act. The clerk should therefore be directed to place a § 1915(g) strike flag on the case.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of April 2011.

　　　　　　　　　　　　　　　　　　　　/s/ Barry A. Bryant
　　　　　　　　　　　　　　　　　　　　HON. BARRY A. BRYANT
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE